**Donald BENKENDORF,
Plaintiff-Appellant,**

v.

**VILLAGE OF HAZEL CREST, an
Illinois municipality,
Defendant-Appellee.**

**No. 86–1465.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 16, 1986.

Decided Oct. 27, 1986.

Philip C. Stahl, Reuben & Proctor, Chicago, Ill., for plaintiff-appellant.

John B. Murphy Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Donald Benkendorf, a real estate agent doing business in the south suburbs of Chicago, argues that the Village of Hazel Crest's anti-solicitation ordinance infringes on his First Amendment rights and that its enforcement will cause him irreparable in-jury. Benkendorf appeals the district court's denial of a preliminary injunction against enforcement of the ordinance. For reasons discussed below, we dismiss this appeal as moot.

Hazel Crest is a southern suburb of Chicago that experienced a jump in its black population from less than 1% in 1970 to 12% in 1980. In 1983, Hazel Crest amended its fair housing ordinance, pursuant to a legislative finding that discriminatory acts and unfair housing practices threatened to deprive the village and its residents of "the benefits of a stable, racially integrated community, including the benefits of inter-racial interreligious and intercultural associations." Ordinance No. 9–1983, Village of Hazel Crest, preamble (May 24, 1983).

Following this amendment, the Hazel Crest ordinance read in part:

> No person shall solicit any owner or occupant of a dwelling to sell or rent, or list for sale or rental, such dwelling at any time after such owner or occupant has notified the Village Clerk that he does not desire to be so solicited.

Ordinance, *supra*, § 14–32.

"Solicitation" was defined as "any conduct by a real estate agent, or an employee or agent thereof, intended to induce the owner of a dwelling within the Village of Hazel Crest to sell, rent or list the same for sale or rental." *Id.*, § 14–27. The penalty for violating the ordinance was a fine ranging from $100 to $500.

Benkendorf subsequently put a flyer into the *Penny Saver*, a local newspaper, advertising his real estate services. Hazel Crest residents complained, and Benkendorf was prosecuted by the village. The case was heard in the Circuit Court of Cook County. The court initially found Benkendorf guilty of violating the ordinance and fined him $300. Benkendorf filed a motion to reconsider, arguing that the flyer did not constitute "solicitation" within the meaning of the ordinance. On rehearing the court agreed and reversed its earlier ruling, holding in favor of Benkendorf.

Benkendorf then filed suit in federal district court, seeking (1) a declaration that the ordinance was unconstitutional on its face and as applied to his advertising activities; (2) damages under 42 U.S.C. § 1983 for the past prosecution; and (3) a preliminary injunction against enforcement of the ordinance. The district court denied the motion for preliminary injunction, and Benkendorf appealed.[1]

While his appeal was pending in this court, the Village of Hazel Crest amended its ordinance to read in part: "For purposes of this Ordinance the term 'solicit' or 'solicitation' shall not refer to communication carried out by means of print or electronic media of general circulation, such as a newspaper, radio, television or the yellow pages." Hazel Crest Municipal Code, § 14–27 (as amended by Ordinance No. 8–1986, April 22, 1986).

Because the ordinance was amended to exempt the type of activity that Benkendorf challenged in his original complaint, the appeal of the denial of the preliminary injunction sought in that complaint is moot. *See Kremens v. Bartley,* 431 U.S. 119, 129, 97 S.Ct. 1709, 1715, 52 L.Ed.2d 184 (1977) (enactment of new statute moots claims based on old statute). The remaining issues in the case will not be properly before this court until the district court has disposed of them. Accordingly, we dismiss this appeal.

---

**1.** Before appealing to this court, Benkendorf filed a "Motion for Reconsideration and Renewed Motion for a Preliminary Injunction" based on an amended complaint. The amended complaint concerned Benkendorf's direct mail, in-person and telephone solicitation activities as well as his advertising activities, and added three new defendants. Judge Marshall denied the motion for reconsideration on the grounds that Benkendorf had gone beyond the scope of such a motion by so extensively altering the original complaint. The judge did, however, set a briefing schedule for the new preliminary injunction motion.